**DAKOTA COUNTY WELFARE BOARD, Appellant,**

v.

**STATE of Minnesota, DEPARTMENT OF PUBLIC WELFARE, Respondent,**

**Anonymous (MA Recipient), Respondent,**

**Anonymous (GR Recipient), Respondent.**

No. 46736.

Supreme Court of Minnesota.

Sept. 23, 1977.

John O. Sonsteng, County Atty., Hastings, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Michael R. Saeger, Sp. Asst. Atty. Gen., St. Paul, for State, Dept. of Public Welfare.

Richard J. Krambeer, Dakota County Legal Assistance, West St. Paul, for MA recipient.

Lynn S. Castner, Minneapolis, for GR recipient.

PER CURIAM.

Two women, one receiving medical assistance, a Federally funded program, and the other receiving general relief, which involves no Federal funds, obtained nontherapeutic abortions. Each submitted the bills for services to the Dakota County Welfare Board which refused to pay them. Appeal was taken to the commissioner of public welfare who ordered payment by the county. The county appealed to the district court which affirmed the order of the commissioner. We reverse.

Mrs. A was receiving AFDC under Title XIX of the Social Security Act to assist in supporting her child born out of wedlock. As a beneficiary of the AFDC program, Mrs. A was entitled to support for her medical bills. Shortly after the birth of her child, Mrs. A again became pregnant. She was concerned over her ability to raise a second child, so she sought and received an abortion from her physician when the fetus was 2½ months developed. The bills were submitted to the Dakota County Welfare Board which refused to pay.

Mrs. B, a married mother of 7 children, was receiving general relief. This is a county-run, state-supervised program for poor persons who do not qualify for any Federally funded welfare programs. No Federal funds are involved in this program. Mrs. B became pregnant. She sought and received an abortion and sterilization from her physician. The bills were submitted to the Dakota County Welfare Board which refused to pay.

The recipients each appealed to the commissioner of public welfare who ordered Dakota County to make the payments in both cases. This decision was affirmed by the trial court which held that Policy Bulletin 12 of the welfare department requiring county boards to pay for nontherapeutic abortions was not subject to the rule-making provision of Minn.St. 15.0412, subd. 4. The court further found that since the county was required to pay for pregnancy expenses, it was bound to pay for a legally obtained abortion.

We are holding in the cases of *McKee v. Likins*, Minn., 261 N.W.2d 566 (1977), and *Mower County Welfare Bd. v. State Department of Public Welfare*, Minn., 261 N.W.2d 578 (1977), being released contemporaneously with this opinion, that Policy Bulletin 12 is not a properly adopted rule and as such cannot be the basis for mandatory payment of nontherapeutic abortions. The *McKee* case is totally dispositive of the issues raised as to the services rendered to Mrs. A, and the judgment of the trial court is reversed. In the case of Mrs. B, although no Federal funds are involved, we are compelled to conclude that there was no proper legal basis to mandate the payment of nontherapeutic abortions. Although the issue is narrower, the same public policy questions are involved. Consequently, where the commissioner of public welfare ordered the payment of nontherapeutic abortion expenses of a recipient of general relief upon the assumption that such a result was mandated under existing law, we must remand the matter for further consideration in the light of existing cases.[1]

This matter is remanded to the district court with instructions to remand the matter to the commissioner of public welfare for further consideration.

---

1. For a complete discussion of these cases, see *McKee v. Likins*, Minn., 261 N.W.2d 566 (1977), filed herewith.